## JOSEPH RICHARDSON v. COMMONWEALTH.

**Intoxicating Liquors—Keeping Tippling House—Selling for Another.**
> The liquor sold by appellant belonged to Mrs. De Spain, and was sold by appellant for her in her barroom, where she had a lawful right to sell it; and there is an utter failure to make out the offense of keeping a tippling house against him.

### APPEAL FROM GREEN CIRCUIT COURT.

December 11, 1871.

OPINION BY JUDGE PETERS:

Appellant was indicted in the Green circuit court for keeping a tippling house, and on the trial was found guilty of the offense charged, and judgment rendered against him for sixty dollars.

It appears from the evidence that appellant, attendant at the bar of Mrs. Despain, who was at the time a tavern keeper with a license to sell liquor at that place during the May election, 1869, and sold liquor for her which was drunk at her tavern house and that was all the selling he did.

The liquor sold by appellant belonged to Mrs. Despain, and was doubtless sold for her in her barroom where she had the lawful right to sell it, and there is an utter failure of proof to make out the offense of keeping a tippling house against appellant.

But from the argument of counsel, and the last paragraph of the instruction given by the court to the jury, it would seem that although indicted for keeping a tippling house he was fined for selling liquor without having taken the oath prescribed to be taken by persons applying for license to keep a tavern before such licenses shall be granted to them, under the act approved February 21, 1863, Myers' Supp. 518. The reason for that law requiring that oath to be taken has ceased, and the law itself may be regarded as inoperative if not within the spirit of the act approved February 15, 1866. Myers' Supp. 737.

But, if that were not so, this judgment cannot be sustained on another ground. By the third section of the act of 1863, *supra,* it is provided that for a failure to take the prescribed oath the persons described in the first and second sections thereof shall be subject to the penalties provided by law against selling by

retail without a license, and to be recovered in the same way. And by section 1 of article 5, chapter 99, 2 R. S. 412, the punishment for selling by retail is a fine of twenty dollars for each offense.

The charge in the indictment was not in any view of the case sustained by the evidence. Wherefore the judgment is reversed and the cause is remanded with directions to dismiss the indictment.

*J. C. Rush, for appellant.*